2023 IL App (2d) 220357-U
No. 2-22-0357
Order filed December 26, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 18-CF-558 |
| DARNISSA T. GRAY, | ) ) ) | Honorable Alice C. Tracy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Hutchinson and Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court's finding of unfitness was unreasonable and, therefore, against the manifest weight of the evidence where the court found that defendant understood the nature and purpose of the proceedings yet nonetheless concluded that she was unable to assist in her defense, simply because she was unwilling to assist.

¶ 2    Defendant, Darnissa T. Gray, appeals under Illinois Supreme Court Rule 604(e) (eff. July 1, 2017) from an order of the circuit court of Kane County finding her unfit to stand trial. We reverse.

¶ 3                                  I. BACKGROUND

¶ 4    Defendant was charged with two counts of aggravated driving under the influence of alcohol (625 ILCS 5/11-501(a)(2), (d)(1)(G), (d)(2)(B) (West 2016)) and a single count each of driving while license revoked (*id.* §§ 6-303(a), 303(d)(1)), obstructing a peace officer (720 ILCS 5/31-1(a) (West 2016)), and obstructing identification (*id.* § 31-4.5(a)).  Early in the proceedings, defendant was represented by a privately retained attorney, but the trial court gave that attorney leave to withdraw.  Subsequently, at a court appearance held by videoconference on December 10, 2020, defendant identified herself as "Daanya El *in propria persona*."  She explained that her "ex relation, slash, straw name is Darnissa Gray."  Defendant claimed that she was challenging the court's jurisdiction and inquired whether the judge was an "Article III Section 2 Judge."  When the court asked whether she planned to hire an attorney, defendant replied, "I am *in propria persona* here."  The court appointed the public defender to represent defendant and then tried to put defendant in a "breakout room" with defense counsel so that they could speak privately.  However, defendant refused to join the breakout room.

¶ 5    At a court appearance on February 10, 2021, defendant stated that she was a "Moor" and was "not claiming any sovereign status."  She reiterated that she was challenging the trial court's jurisdiction.  Although she appeared with appointed counsel, she said she did not consent to representation. Defense counsel requested that the trial court order a fitness evaluation.  The court granted the request.

¶ 6    The trial court held a fitness hearing on June 22, 2021.  It was stipulated that Elisa Lancaster, a clinical psychologist, had evaluated defendant and found her unfit to stand trial. Lancaster's written evaluation noted defendant's refusal to cooperate with the evaluation process. Defense counsel advised the court that she had productive conversations with defendant about

defendant's jurisdictional concerns and that defendant now accepted that the court had jurisdiction. The court ordered Lancaster to interview defendant and continued the fitness hearing.

¶ 7     When the hearing resumed on August 3, 2021, Lancaster testified that defendant had cooperated with the evaluation. Lancaster opined that defendant was fit. The trial court agreed, finding that defendant was fit. However, during subsequent proceedings, defense counsel indicated that she had a *bona fide* doubt as to defendant's fitness. The court ordered Lancaster to conduct another fitness evaluation. Lancaster ultimately concluded that defendant was unfit to stand trial. Defense counsel requested that the court conduct a fitness hearing without a jury. However, defendant advised the court that she had never agreed to a bench proceeding on fitness. Nonetheless, the court held the fitness hearing without a jury. At the hearing, it was stipulated that Lancaster would opine that defendant was unfit to stand trial, and her written evaluation of defendant's fitness was admitted into evidence. In ruling on the fitness issue, the court remarked, "I believe that the Defendant knows exactly what's going on in this courtroom and that she is very intelligent, that she understands the legal process." The court observed, however, that defendant refused to cooperate with defense counsel. The court concluded that "the Defendant is unwilling to assist in her defense and therefore unable to assist in her defense." The court added, "[O]n that finding alone[,] *** on that issue itself, that narrow issue, I find that the Defendant is unfit to stand trial." The court subsequently found that defendant could be restored to fitness within a year. Defendant filed a timely notice of appeal.

¶ 8                                    II. ANALYSIS

¶ 9     Defendant argues on appeal that she properly invoked her right to have a jury determine whether she was fit to stand trial. She also argues that the trial court's finding of unfitness was erroneous because the court improperly equated her unwillingness to cooperate with defense

counsel with an inability to assist in her defense. As discussed below, we accept the latter argument and need not consider the former.

¶ 10 Before addressing the merits, however, we note that both parties agree that the appeal is presently moot. An appeal is moot when it is impossible for the reviewing court to grant effective relief from the challenged order. *In re Craig H.*, 2022 IL 126256, ¶ 19. During the pendency of this appeal, the trial court found that defendant was restored to fitness. Consequently, reversal of the earlier finding of unfitness would be ineffectual. Nonetheless, we may consider the merits of the appeal under an exception to the mootness doctrine that permits appellate review of an issue capable of repetition yet avoiding review. *Id.* ¶ 20. This exception has two elements: "(1) the challenged action must be too short in duration to be fully litigated before its end, and (2) there must be a reasonable expectation that the complaining party will be subject to the same action again." *Id.* The parties agree that the first element is satisfied because the trial court must reexamine the issue of fitness within 90 days (725 ILCS 5/104-20(a) (West 2020)), which is shorter than the time required for appellate review. The parties disagree, however, as to the second element. Defendant argues that "opinions regarding [her] fitness have swung back and forth" and there is "a good chance that questions about [her] fitness could arise again." The State responds that any future questions about defendant's fitness will depend on different facts and that "[t]here is no clear indication the resolution of this issue could be of use in future litigation." We agree with defendant. Defendant argues on appeal that the trial court erroneously found her unfit because she was unwilling to cooperate with counsel. Given defendant's behavior, this issue will likely arise again. Therefore, we conclude that the "capable of repetition" exception to the mootness doctrine applies.

¶ 11    Turning to the merits, we note that a defendant "is fit to stand trial, unless, due to a mental or physical condition, [she] is unable to understand the nature and purpose of the proceedings against [her] or to assist in [her] defense." *People v. Khan*, 2021 IL App (1st) 190051, ¶ 64. As we have explained:

> "Due process prohibits the prosecution of a defendant who is not fit to stand trial. [Citation.] Fitness speaks only to a person's ability to function within the context of a trial and does not refer to competence in other areas. [Citation.] If a *bona fide* doubt of the defendant's fitness is raised, 'the court shall order a determination of the issue before proceeding further.' [Citation.] At the fitness hearing, the State has the burden of proving, by a preponderance of the evidence, that the defendant is fit to stand trial. [Citation.]" *People v. Lucas*, 388 Ill. App. 3d 721, 726 (2009).

¶ 12    The trial court's determination on the question of fitness will not be reversed unless it is against the manifest weight of the evidence. *People v. Corbett*, 2022 IL App (2d) 200025, ¶ 47. "A finding is against the manifest weight of the evidence if the opposite conclusion is clearly evident, *or* the determination is unreasonable, arbitrary, or not based on the evidence presented." (Emphasis in original.) *Id.*

¶ 13    The State stresses that the evidence supports the conclusion that defendant was unfit. However, the thrust of defendant's argument is not that there was insufficient evidence of unfitness but that the trial court's determination that she was unfit was based on an error of law and contrary to the court's express findings of fact. If that is the case, the determination was clearly unreasonable and, therefore, against the manifest weight of the evidence. We thus consider defendant's legal challenge to the trial court's determination.

¶ 14    Here, the trial court expressly found that defendant "kn[ew] exactly [what was] going on in th[e] courtroom" and that she "underst[ood] the legal process." Nonetheless, the court found defendant unfit because she was "unwilling to assist in her defense *and therefore unable to assist in her defense.*" (Emphasis added.) The court added that it found defendant unfit based "on that finding [*i.e.*, defendant's unwillingness] alone." However, our supreme court has held explicitly that a " '[d]efendant's unwillingness to cooperate with counsel cannot be deemed equivalent with an inability to do so.' " *People v. Easley*, 192 Ill. 2d 307, 320 (2000) (quoting *People v. O'Neal*, 62 Ill. App. 3d 146, 149 (1978)). Thus, the court clearly erred in finding defendant *unable* to assist in her defense simply because she was *unwilling* to assist counsel. The court's finding that defendant was unfit was, therefore, erroneous.

¶ 15    Had the trial court found that, *independently* of defendant's unwillingness to assist counsel, she was also *unable* to assist in her defense, the evidence would have supported the finding. The State urges us to affirm based on that evidence, notwithstanding that the trial court's determination that defendant was unfit conflicted with the court's own findings that defendant was able to understand the nature and purpose of the legal proceedings but was simply *unwilling* to assist in her defense. Citing *People v. Everette*, 141 Ill. 2d 147, 158 (1990), the State argues that we may sustain the trial court's judgment for any reason supported by the record, regardless of whether the trial court relied on it. *Everette* is inapposite. In that case, the defendant was charged with murder. *Id.* at 150. At trial, he testified that he killed the victim accidentally. *Id.* at 154. He also requested a jury instruction on self-defense. *Id.* at 151. The trial court denied the request, reasoning that a self-defense instruction was inconsistent with the defendant's testimony. *Id.* Our supreme court disagreed, holding that "a homicide defendant is entitled to an instruction on self-defense where there is some evidence in the record which, if believed by a jury, would support the defense, even

where the defendant testifies he accidentally killed the victim." *Id.* at 156-57. Nonetheless, the *Everette* court concluded that, because no evidence would support the theory of self-defense, the trial court properly denied the instruction request (albeit for the wrong reason). *Id.* at 157.

¶ 16    Notably, the *Everette* court viewed the defendant's right to the requested instruction as a question of law. See *id.* ("It is a matter of law whether the defendant has met the evidentiary minimum entitling him to instructions on an affirmative defense."). Thus, the trial court's legal reasoning was erroneous, but the proper legal analysis produced the same result. That is not true here. The State does not seriously dispute that the trial court's legal analysis was incorrect in this case. Nor does the State propose any alternative *legal* analysis as a basis for affirming the trial court's decision. Rather, the State essentially asks us to revise the court's factual findings to conform them to its decision. *Everette* does not support such an approach, which would run afoul of the fundamental principle that a reviewing court will not substitute its judgment for the trial court's on a question of fact. See *People v. Conway*, 2023 IL 127670, ¶ 16 ("[W]e will not substitute our judgment for that of the trier of fact on questions involving the weight of the evidence or the credibility of witnesses."). The court merely found that defendant was unwilling to cooperate with counsel, not that she was unable to assist in her defense. We will not disturb the finding of unwillingness. Accordingly, the court's findings relative to defendant's fitness do not support its conclusion that defendant was unfit.

¶ 17                                  III. CONCLUSION

¶ 18    For the reasons stated, we reverse the judgment of the circuit court of Kane County.

¶ 19    Reversed.